IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH W. SULLIVAN, | ) | CIVIL NO. 12-00204 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS HENDERSHOT, Acting Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER CONSTRUING GROUND ONE OF PETITION AS A
28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT A
SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND ORDER TO SHOW CAUSE**

On April 18, 2012, pro se Petitioner Joseph W. Sullivan ("Petitioner") filed his Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition").  The Petition seeks habeas relief on two grounds: the district court erred by imposing a two-level adjustment for obstruction of justice in United States v. Sullivan, CR 10-00680 LEK, based on conduct for which Petitioner was convicted in United States v. Sullivan, CR 11-00604 LEK ("Ground One"); and Petitioner is entitled to presentence time credit pursuant to 18 U.S.C. § 3585(b) for his seven-month home detention because the Government argued, in conjunction with the imposition of the obstruction of justice adjustment, that Petitioner's home detention constituted "custody" ("Ground Two").

## I.  Construing Ground One as a 28 U.S.C. § 2255 Motion

On July 13, 2012, this Court issued an Order to Show Cause ("7/13/12 OSC"), stating that this Court was inclined to: 1) conclude that Petitioner properly raised Ground Two as a § 2241 petition; and 2) recharacterize Ground One as a motion to vacate, set aside, or correct a sentence by a person in federal custody, pursuant to 28 U.S.C. § 2255.  This Court therefore warned Petitioner that, if the Court recharacterizes Ground One as a § 2255 motion, any subsequent § 2255 motion Petitioner files will be subject to the restrictions on "second or successive" motions,[1] and this Court gave Petitioner the opportunity to either withdraw Ground One or to file a § 2255 motion which contains all of the § 2255 claims that Petitioner believes he has.  This Court gave Petitioner until August 13, 2012 to respond to the 7/13/12 OSC.  This Court cautioned Petitioner that, if he

---

[1] Section 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

failed to respond to the 7/13/12 OSC, this Court would proceed upon the Petition filed on April 18, 2012 and would construe Ground One as a § 2255 motion.

Petitioner did not file a response to the 7/13/12 OSC. This Court therefore CONSTRUES Ground One as a motion to vacate, set aside, or correct a sentence by a person in federal custody under § 2255.  See Castro v. United States, 540 U.S. 375, 381-82 (2003) (recognizing that federal courts will sometimes recharacterize a pro se litigant's motion "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis" (emphasis and citations omitted)).

## II.  Order to Show Cause

Having so construed the Petition, it does not appear plainly from the face of the Petition that Petitioner is not entitled to relief, and it further appears that the Petition is in compliance with the rules governing the form of § 2241 petitions and § 2255 motions.  This Court therefore ORDERS, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules")[2] and Rule 5 of

---

[2] The Rules Governing Section 2254 Cases also apply to § 2241 petitions.  See Tanner v. MacDonald, Civ. No. 11-00255 SOM/RLP, 2011 WL 1598838, at *1 n.2 (D. Hawai`i Apr. 27, 2011) (citing Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241; United States v. Recinos-Gallegos,
(continued...)

the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"), that Defendant Dennis Hendershot, Acting Warden ("Defendant"), file an answer to Ground One of the Petition and an answer to Ground Two of the Petition on or before **October 22, 2012**.  Defendant is ORDERED to attach all relevant transcript portions, briefs on appeal or in post-conviction proceedings, opinions, or dispositive orders relating to Petitioner's conviction or sentence to the answer as required by Rule 5 of the § 2254 Rules and Rule 5 of the § 2255 Rules. Petitioner may file a reply to each answer by no later than **December 3, 2012.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 10, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH W. SULLIVAN V. DENNIS HENDERSHOT; CIVIL 12-00204 LEK-BMK; ORDER CONSTRUING GROUND ONE OF PETITION AS A 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND ORDER TO SHOW CAUSE**

---

[2](...continued)
151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4).  <u>See also</u> Rule 1(b) of the 2254 Rules"); <u>Ukawabutu v. Morton</u>, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) ("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to [§ 2241] as well as [§ 2254.]") (alterations in <u>Tanner</u>)).