IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH W. SULLIVAN, | ) | CIVIL NO. 12-00204 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS HENDERSHOT, Acting Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING AMENDED PETITION UNDER
28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

Before this Court are: pro se Petitioner Joseph W. Sullivan's ("Sullivan") Amended Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), filed on November 13, 2012, [dkt. no. 9;] and Respondent Dennis Hendershot's, Acting Warden ("Respondent"), Motion to Dismiss or Deny Petition for Writ of Habeas Corpus Filed under 28 U.S.C. § 2241 ("Respondent's Motion"), filed March 14, 2013 [dkt. no. 26]. Sullivan filed his reply to Respondent's Motion ("Reply") on April 12, 2013. [Dkt. no. 28.] After careful consideration of the Petition, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY GRANTS Respondent's Motion, DISMISSES Sullivan's Petition WITHOUT PREJUDICE, and DENIES a certificate of appealability, for the reasons set forth below.

**BACKGROUND**

On September 30, 2010, a grand jury indicted Sullivan in a two-count indictment in United States v. Sullivan, CR 10-00680 LEK, for wire fraud, in violation of 18 U.S.C. § 1343. On June 15, 2011, a grand jury indicted Sullivan in United States v. Sullivan, CR 11-00604, for one count of making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542. Sullivan ultimately entered a guilty plea in each case. This Court sentenced Sullivan to, *inter alia*, concurrent terms of fifty-five months' imprisonment and three years of supervised release as to each of the two counts in CR 10-00680 and the count in CR 11-00604. Judgment was entered in each case on November 3, 2011. [CR 10-00680, dkt. no. 61; CR 11-00680, dkt. no. 28.]

In determining Sullivan's sentence, this Court imposed a two-level obstruction of justice adjustment, pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3C1.1, for obstruction of justice in CR 10-00680 because of the conduct charged in CR 11-00604. The basis of the charge in CR 11-00604 was that, while he was on pretrial release for CR 10-00680, Sullivan attempted to obtain a passport under the name Donald Elbert Allen with a false birth certificate and a false State of Hawai`i identification card ("the Allen Passport").

In the Petition, Sullivan seeks relief pursuant to § 2241 because the Federal Bureau of Prisons ("BOP") failed to apply a pre-sentencing time credit pursuant to 18 U.S.C. § 3585(b) for the seven months he spent in home confinement prior to his arrest for the charge in CR 11-00604.  Sullivan argues that the home confinement was "time he has spent in official detention[,]" based on this Court's finding, in connection with the obstruction of justice adjustment, that Sullivan was "in custody" when he tried to obtain the Allen Passport.

### **STANDARD**

This district court has described the standard of review for a § 2241 petition as follows:

> Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1),(3).  While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 199[1]) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C.

> § 2241"). Under § 2241, a habeas corpus petition
> must be brought in the judicial district of the
> petitioner's custodian. <u>Hernandez</u>, 204 F.3d at
> 865.

<u>Blankenship v. Meeks</u>, CV. No. 11-00443 DAE-KSC, 2011 WL 4527408, at *2 (D. Hawai`i Sept. 28, 2011).

## DISCUSSION

### I.   **28 U.S.C. § 2255 Motion**

This Court must first address the Government's arguments that this Court lacks jurisdiction over the Petition to the extent that it raises challenges that Sullivan should have raised in a direct appeal or in a § 2255 motion. Although the claim in the Petition relies upon this Court's sentencing rulings regarding the obstruction of justice adjustment, the Petition does not challenge the validity or constitutionality of his convictions and sentences.[1] The Petition challenges a decision that the BOP made in the execution of his sentences. This Court therefore concludes that the instant Petition does not allege any claim that Sullivan should have brought either in a direct appeal or in a § 2255 motion.

---

[1] Sullivan's original petition, filed on April 18, 2012, included a challenge to the obstruction of justice adjustment itself. This Court ordered Sullivan to file an amended § 2241 petition omitting the challenge to the obstruction of justice adjustment and to file that claim in separate § 2255 motions in both CR 10-00680 and CR 11-00604. Sullivan did so, and this Court has addressed the § 2255 motions in a separate order.

## II. Exhaustion of Administrative Remedies

Respondent also argues that this Court should dismiss the Petition because Sullivan failed to exhaust the administrative grievance process to challenge the computation of his sentence. [Respondent's Motion at 4 (citing Respondent's Motion, Decl. & Certification of Records by Forest Kelly[2] ("Kelly Decl.") at ¶¶ 4-5; 28 C.F.R. § 542.10, *et seq.*).] The BOP has a three-level administrative review process. First, a prisoner may file a Request for Administrative Remedy at his correctional institution. If the institution rules against him, the prisoner can appeal to the regional office for the geographic region where his correctional institution is located. If the regional appeal is denied, the final level of administrative review is an appeal to the Office of General Counsel. [Kelly Decl. at ¶ 4.] Sullivan did not file any administrative appeal to challenge the computation of his sentence. [Id. at ¶ 5.]

The Ninth Circuit has stated:

> As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, Fernandez-Vargas v. Gonzales, 548 U.S. 30, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2006). This exhaustion requirement is subject to waiver in § 2241 cases because it is not a

---

[2] Kelly is a Correctional Programs Specialist with the BOP Designations and Sentence Computation Center. [Kelly Decl. at ¶ 1.]

5

> "jurisdictional prerequisite." Id. Typically, exhaustion can be waived "if pursuing those [administrative] remedies would be futile." Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (alteration in Ward). Ward only completed the first step of the BOP's three-step review process. The Ninth Circuit held that the district court erred when it refused to waive the exhaustion requirement because, where the denial of Ward's initial grievance was based on official BOP policy, further pursuit of the grievance process would have been futile. Id. at 1045-46.

Sullivan argues that it would have been futile for him to go through the administrative review process because the BOP excluded the "home detention" period pursuant to official BOP policy. Unlike Ward, Sullivan did not complete any steps of the administrative review process. The Ninth Circuit has indicated that it is the reliance on official BOP policy, not the number of completed review steps, which creates futility:

> In waiving exhaustion, the Sours[3] court relied on our opinion in Fraley [v. United States Bureau of Prisons], which held there was futility where the petitioner's claim was denied based on official BOP policy. Fraley, 1 F.3d [924,] 925 [(9th Cir. 1993)]. The petitioner in Sours,

---

[3] This refers to Sours v. Chavez, No. 2:08-cv-01903-SRB, Dkt. No. 22, slip op. at *2-3 (D. Ariz. June 17, 2009) (report and recommendation) (concluding exhaustion not required where request for relief denied based on official BOP policy), *as cited in* Sours v. Chavez, No. CV08-1903-PHX-SRB, 2009 WL 2714028, at *1 (D. Ariz. Aug. 26, 2009) (parallel citation omitted).

> unlike Ward, had gone through three out of four levels of BOP review, Sours, No. 2:08-cv-01903-SRB, Dkt. No. 22, slip op. at *3-4. But it was the reliance on the "official policy" that led to a finding of futility in Sours (and Fraley), and the Sours court expressly noted that the level of Sours's exhaustion simply showed his petition was even *more* futile than Fraley, where the prisoner had gone through only one level of review. Sours, No. 2:08-cv-01903-SRB, Dkt. No. 22, at *3-4.

Id. at 1046 (emphasis in Ward).  Cases such as Ward, where the prisoner completed at least one level of review, are distinguishable from the instant case because, in those cases, the agency had at least one opportunity to address the prisoner's claim, and there is a record of the reason why the agency rejected it.  In Sullivan's case, however, the BOP never considered his claim that it should have given him credit for his time in "home detention" because Sullivan did not seek any administrative review.  Kelly explains that, in preparing Sullivan's sentence computation, the BOP did not credit that period because:

> Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), provides that time spent in "home confinement" as a condition of release from detention on bond, is not creditable toward a federal term of imprisonment under the provisions of Title 18 U.S.C. § 3585(b).  This guidance to staff relies upon the mandate of the Supreme Court in Reno v. Koray, 515 U.S. 50, 60-63 (1995).

[Kelly Decl. at ¶ 13 (some citations omitted).]  Kelly's declaration, however, is merely based on his review of BOP documents and electronic data regarding Sullivan's sentence;

7

there is no indication that he participated in the preparation of Sullivan's sentence computation. The Government also submitted a print-out of Sullivan's Public Information Inmate Data as of 03-13-2013 ("Data Sheet"). [Id., Attachment 1.] The Data Sheet shows that the BOP gave Sullivan "JAIL CREDIT" for October 26, 2010 and May 31, 2011 to October 26, 2011. [Id. at 3.] October 26, 2010 was the date of Sullivan's arrest for the charges in CR 10-00680; he was released on bond later that day. [Kelly Decl. at ¶ 7.] May 31, 2011 was the date of Sullivan's arrest for the charge in CR 11-00604, and October 26, 2011 was the day before his sentencing hearing. [Id. at ¶¶ 10, 12.] On October 29, 2010, the district judge modified Sullivan's conditions of pretrial release to include "HOME DETENTION." [Id. at ¶ 8.] Thus, the Data Sheet is evidence that the BOP did not give Sullivan jail credit for the period of his home detention. The Data Sheet, however, does not indicate the reason why the BOP determined that Sullivan was not entitled to credit for that period.

The Ninth Circuit has set forth the following factors that a court should consider when deciding whether to require prudential exhaustion of administrative remedies:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct

> its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quotation marks and some citations omitted) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).

All of these factors weigh against waiver of the exhaustion requirement. First, although BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) ("PS 5880.28") - the policy governing the classification of home confinement periods - is available to this Court, [Kelly Decl., Attachment 12,] there is no evidence in the record that the BOP in fact relied on PS 5880.28 when it decided that Sullivan was not entitled to jail credit for his home detention period. Second, relaxing the exhaustion requirement in this case is likely to encourage prisoners to deliberately bypass the BOP's administrative review process in its entirety. Third, without opining on whether or not a mistake was made in this case, administrative review would allow the BOP to correct any mistake in the preparation of Sullivan's sentence computation and may eliminate the need for judicial review. This Court therefore declines to excuse Sullivan's failure to exhaust his administrative remedies.

The Ninth Circuit has stated that, "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice

or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Sullivan has not requested a stay, and this Court finds that the circumstances of this case do not warrant a stay.  This Court therefore GRANTS Respondent's Motion and DISMISSES Sullivan's Petition.  The dismissal is WITHOUT PREJUDICE to the filing of a new § 2241 petition after Sullivan has exhausted his administrative remedies.[4]

---

[4] Although this Court emphasizes that it makes no findings at this time as to the merits of Sullivan's claim, this Court notes that the exclusion of Sullivan's "home detention" period is consistent with PS 5880.28, which is the BOP's implementation of the United States Supreme Court's holding in Reno v. Koray, 515 U.S. 50 (1995).  Further, although the Government argued in the sentencing proceedings, and this Court found, that Sullivan attempted to "escape from custody" by trying to obtain the Allen Passport during his home detention, that finding did not bind the BOP in its determination of the issue of whether Sullivan was entitled to credit for time served pursuant to 18 U.S.C. § 3585(b).  See United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).  Thus, it is arguably futile for Sullivan to go through the BOP's administrative review process.  However, in light of its analysis of the Puga factors, this Court cannot excuse waive Sullivan's obligation to exhaust his administrative remedies.

## II. **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases[5] in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In light of the dismissal of Sullivan's § 2241 Petition, this Court must address whether to grant Sullivan a certificate of appealability ("COA").

This district court has recognized that:

A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 131 S. Ct. 859 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity but

---

[5] The Rules Governing Section 2254 Cases also apply to § 2241 petitions. See Tanner v. MacDonald, Civ. No. 11-00255 SOM/RLP, 2011 WL 1598838, at *1 n.2 (D. Hawai`i Apr. 27, 2011) (citing Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241; United States v. Recinos-Gallegos, 151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4). See also Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) ("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to [§ 2241] as well as [§ 2254.]") (alterations in Tanner)).

11

>something less than a merits determination." Id.
>(internal quotation marks omitted).

Claxton v. United States, Civ. No. 12-00433 JMS-KSC, 2013 WL 1136704, at *11 (D. Hawai`i Mar. 18, 2013).

This Court has carefully reviewed Sullivan's § 2241 Petition and liberally construed the allegations therein. Sullivan, however, failed to exhaust his administrative remedies prior to filing his § 2241 Petition, and this Court cannot excuse Sullivan's failure to exhaust under the circumstances of this case.  This Court concludes that reasonable jurists could not find this Court's exhaustion rulings to be debatable. Accordingly, this Court DENIES issuance of a COA.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY GRANTS Respondent's Motion to Dismiss or Deny Petition for Writ of Habeas Corpus Filed under 28 U.S.C. § 2241, filed March 14, 2013, insofar as Sullivan's Amended Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed November 13, 2012, is HEREBY DISMISSED WITHOUT PREJUDICE.  Further, this Court also DENIES a certificate of appealability.

IT IS SO ORDERED.

//

DATED AT HONOLULU, HAWAII, October 30, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH SULLIVAN VS. DENNIS HENDERSHOT, ACTING WARDEN; CIVIL NO. 12-00204 LEK-BMK; ORDER DISMISSING AMENDED PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**